NICK K. NIKITAS, Appellant, v. CRAILO MOTORS CORP. et al., Respondents.— Appeal by plaintiff in an automobile negligence action from a judgment of the Supreme Court, Rensselaer County, entered upon a jury verdict of no cause of action. In the early afternoon of May 12, 1960 a collision occurred between a motor vehicle owned and operated by plaintiff and one owned by the corporate defendant and operated by its employee, defendant Briscoe, both northbound on Routes 4 and 40, a three-lane State highway in the Town of East Greenbush, Rensselaer County, the latter striking the former in the rear. Plaintiff's evidence was that as a school bus proceeding ahead in the same direction stopped to discharge some of its passengers, he stopped also; when the bus began to move forward again plaintiff then continued on at a speed of between 10 and 15 miles per hour; to talk to a schoolboy, also an occasional employee of plaintiff, who had alighted from the bus and was standing alongside the highway, plaintiff drove his car partially upon its right shoulder and brought it to a complete stop; some seconds later while in that position the following vehicle operated by defendant Briscoe struck it in the rear. There was no testimony by plaintiff that he gave either a hand and arm or a lamp signal before stopping. Defendant operator testified that he had been following plaintiff's vehicle at a distance of about 30 feet and that when the school bus stopped he, too, came to a stop; after the vehicle ahead had restarted and proceeded a short distance, plaintiff suddenly slammed on his brakes and came to an abrupt stop in the center of the lane in which both vehicles were traveling. An attempt to avert the collision by braking his car failed, he further testified, because of the slippery surface of the highway due to a recent rainstorm. As we said in *Cyr* v. *McGrath* (8 A D 2d 898): " The issue was purely factual and the jury was entitled to credit defendant's version of the accident and thereupon to find negligence on the part of both operators or on the part of plaintiff alone." (See, also, *Cvik* v. *Twining*, 13 A D 2d 853; *Carol* v. *Glusker Emkay Sales Corp.*, 14 A D 2d 603; *Romeo* v. *Haranek*, 15 A D 2d 588.) There was no error in the court's charge to which no exception was taken as to the applicability of sections 1163 and 1164 of the Vehicle and Traffic Law. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.