■ JOSEPH GLENNERSTER, Respondent, v ZORNS POULTRY FARMS, Appellant. — In a personal injury action, defendant appeals from an order of the Supreme Court, Kings County, entered December 20, 1979, which granted plaintiff's motion to compel defendant to accept service of a summons and complaint in a Supreme Court action. Order reversed, on the law, without costs or disbursements, and motion denied. While it is clear that defendant should be estopped from claiming that the Civil Court action should be dismissed due to lack of personal jurisdiction, nevertheless, plaintiff failed to establish that the acts of defendant, through its insurance carrier, should estop it from claiming that the Civil Court action was not transferred to the Supreme Court. Hopkins, J.P., Titone, Rabin and Margett, JJ., concur.

■ FRANCIS X. GOEHLE, JR., Individually and as Parent and Natural Guardian of JOHN GOEHLE, an Infant, et al., Respondents, v TOWN OF SMITHTOWN, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Suffolk County, dated May 8, 1980, which (1) granted plaintiffs' motion to set aside a jury verdict in defendant's favor, and (2) ordered a new trial. Order reversed, without costs or disbursements, motion denied and jury verdict reinstated. There was not such a clear preponderance of evidence in plaintiffs' favor as would warrant setting aside, as contrary to the weight of the evidence, the jury's verdict in defendant's favor. Hopkins, J.P., Titone, Rabin and Margett, JJ., concur.

■ MARY INGRAM, Respondent, v NELSON COLON et al., Appellants. — In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County, entered June 27, 1980, in favor of plaintiff against the defendants in the principal amount of $40,000, after a jury trial on the issue of damages only, the defendants having previously stipulated to liability. Judgment reversed, on the law, and new trial granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after service upon the plaintiff of a copy of the order to be made hereon, together with notice of entry thereof, she shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $25,000, and to entry of an amended judgment accordingly, in which event, the judgment in her favor, as so reduced and amended is affirmed, without costs or disbursements. The verdict in favor of the plaintiff was excessive to the extent indicated herein. Hopkins, J.P., Titone, Rabin and Margett, JJ., concur.