■ ISAAC IRRIZARY, an Infant, by his Mother and Natural Guardian, JENNIE VELEZ, Respondent, v CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, Bronx County (Irwin Silbowitz, J.), entered on April 20, 1982, unanimously reversed, on the law and the facts, and a new trial ordered on the issue of loss of future earnings only, without costs and without disbursements, unless plaintiff, within 20 days after service upon him of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $95,917 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, we find only one basis for an award for loss of future earnings, the home economist's testimony that plaintiff's income would be diminished by $95,917 over a 47-year period. She arrived at this figure by constructing an economic model of plaintiff's lifetime earnings at the minimum wage, less what he might make were he only to be employed in a "sheltered workshop" setting. Implicit in such a model was the assumption that plaintiff would not attend college nor ever achieve even a mid-level management or professional position, and we recognize that the $95,917 figure was a highly conservative one. Nonetheless, as this was the only testimony on diminution of earnings, the jury's award of over four times that amount — $440,000 — was unfounded speculation and unwarranted generosity, which should be reduced to the amount indicated. This is not to say that in a given case, where a more refined economic model is presented, a jury could not arrive at a higher figure. We only hold that the testimony here was insufficient to justify extrapolation of the amount suggested by plaintiff's witness. Appellant's other point, that the trial court committed reversible error in refusing to allow a radiologist to testify as an expert witness, is without merit. It seems quite apparent that his testimony would have been cumulative for the most part, and possibly prejudicial to plaintiff, since the original X rays were destroyed by defendant. At what point a trial court should limit the evidence as being cumulative is ordinarily left to the discretion of the trial court. (*Faulk v Aware, Inc.*, 19 AD2d 464, affd 14 NY2d 899, cert den 380 US 916.) Concur — Ross, J. P., Carro, Lynch and Kassal, JJ.