■ JAMES MURPHY, by JACQUELINE CARPENTIER et al., as Conservators of His Property, Appellant, v TOWN OF SCHODACK et al., Respondents. — Appeal (1) from a judgment of the Supreme Court in favor of defendant County of Rensselaer, entered July 29, 1982 in Rensselaer County, upon a verdict rendered at Trial Term (Prior, Jr., J.), and (2) from orders of said court, entered August 31, 1982 and September 20, 1982 in Rensselaer County, which denied plaintiff's motion to set aside the verdict in favor of defendants Town of Schodack and County of Rensselaer. This is an action based on negligence for personal injuries sustained by plaintiff James Murphy, age 15, when the vehicle in which he was riding as a passenger failed to negotiate a curve while proceeding southerly on Brookview Road in the Town of Schodack, County of Rensselaer, causing the car to roll over. Plaintiff was the only passenger who was seriously injured. He was rendered a quadraplegic, sustained brain damage and is permanently institutionalized. After a jury trial, a verdict was returned of no cause of action in favor of defendants Town of Schodack and County of Rensselaer, and a verdict in favor of plaintiff in the sum of $350,000 against defendants John and Michael Peterson was also returned. The trial court denied plaintiff's motion to set aside the unfavorable verdict as against the weight of the credible evidence. This appeal by plaintiff ensued. Initially, we point out that plaintiff filed but one notice of appeal from (1) the judgment dismissing the complaint against the County of Rensselaer and (2) the decision denying the posttrial motion. This court previously dismissed any appeal against the Town of Schodack since a timely appeal from the judgment in favor of the town was not taken. Consequently, we are now concerned only with the appeal against the County of Rensselaer. Considering the merits, we note at the outset that certain questions were submitted to the jury without objection. The jury's answers to these questions, and the jury's further finding that the percentage of fault for both defendants town and county was zero, clearly demonstrates that the jury found that the accident happened solely due to the negligence of defendant driver. Ample evidence exists in this bulky record to justify that conclusion. There was testimony that, after the accident, defendant driver stated to a police officer that he was driving between 60 and 65 miles per hour and was going too fast to make the turn. This testimony was corroborated by several of the other passengers in the car. There was also proof that defendant driver had been drinking and pleaded guilty to having a bald front tire. While plaintiff produced both expert and lay testimony that there was inadequate signing near the curve, constituting negligence on the part of the town and county, said defendants offered expert testimony to the contrary. Consequently, questions of fact and credibility were for the jury to resolve. Plaintiff's argument with respect to the proof of the alleged depression on the road fails for the same reasons. Considering the record in its entirety, including the fact that the trial court refused to set the verdict aside, we are of the view that, on these issues, the verdict should not be disturbed. We pass to plaintiff's contention that the remarks of counsel for defendant county in the opening statement and summation were prejudicial and infringed upon plaintiff's right to a fair trial. While the remarks of the attorney for the county, *inter alia,* were clearly made to impress upon the jury that he represented them as taxpayers of the County of Rensselaer, no timely objection was made to the attorney's conduct. Consequently, we should reverse only in the interest of justice (*Martin v City of Cohoes,* 37 NY2d 162), which we conclude would be

improper on this record. Furthermore, the Trial Justice who was in a more favorable position to assess the effect of the attorney's misconduct than we are, refused plaintiff's motion to set the verdicts aside (see *Reilly v Wright,* 73 Misc 2d 801, affd 55 AD2d 544). As to the inadequacy of the verdict, that issue applies only to the verdict against defendants Peterson, and no appeal was taken from the judgment against them. Furthermore, on this record, no appeal lies from the order denying the motion to set the verdict aside (see *Acme Bldrs. v County of Nassau,* 36 AD2d 317, 318, affd 31 NY2d 924). Therefore, we do not consider the issue of inadequacy. There should be an affirmance. Judgment and order affirmed, without costs. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.