OPINION OF THE COURT
John W. Grow, J.
Plaintiff has moved for an order permitting further discovery in this medical malpractice action despite the fact that plaintiff’s previous attorney, Angelo Felice, Esq., filed a note of issue and statement of readiness in August of 1983.
A party who files and serves a statement of readiness waives his right to further pretrial discovery unless he moves to vacate the statement within 20 days of its filing. (Marchitelli v Greco Sales & Serv., 52 AD2d 746, 747; Uniform Calendar and Practice Rules for the Fourth Department, 22 NYCRR 1024.4.) This rule is to be strictly enforced, and discovery will not be permitted subsequent to the filing and serving of a statement of readiness in the absence of a showing of unusual or extraordi *267 nary circumstances. (Blondell v Malone, 91 AD2d 1201; Doll v Kleinklaus, 66 AD2d 1003.)
In the instant case, plaintiff has demonstrated the existence of extraordinary circumstances which would justify departure from the strictures of the statement of readiness rule. Plaintiff’s previous attorney died after he filed the note of issue and statement of readiness and Robert F. Julian, Esq., was thereafter substituted as plaintiff’s counsel. Mr. Julian represents that' he is seriously handicapped by the fact that he cannot consult with plaintiff’s previous counsel concerning his theory of the case, his strategy, and his evaluation of the evidence. We find the death of plaintiff’s counsel to be a sufficiently extraordinary circumstance to distinguish this from other cases in which counsel is substituted after the filing and serving of a statement of readiness. Mr. Julian’s inability to consult with plaintiff’s prior counsel means that he may not be able to determine whether the discovery obtained thus far is sufficient given Mr. Felice’s theory of the case. What may have been adequate discovery for Mr. Felice may not be adequate for Mr. Julian. Mr. Julian should be given the opportunity to develop his own theory of the case and the chance to attempt to obtain the discovery which, in his judgment, that theory requires.
Since this is a medical malpractice action, the facts upon which the causes of action are based are peculiarly within the knowledge of the defendants. Mr. Julian should therefore be permitted to obtain discovery from the defendants (including those defendants who have previously been deposed). (Pindar v Parke Davis & Co., 71 Misc 2d 923.)
Defendants have failed to demonstrate that granting plaintiff’s motion for further discovery will prejudice them or result in calendar delay.
Plaintiff’s motion is in all respects granted on condition that all discovery be completed within 45 days after receipt of this decision, and on the further condition that the financial terms of the contract between Dr. Davenport and Faxton Hospital may be deleted when that document is produced.