■ CHARLES GLICK, Appellant, v M. A. HITTNER AND SONS, INC., et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered August 4, 1983, which, upon a jury verdict, was in favor of defendants.

Judgment affirmed, with costs.

This action arose as the result of injuries sustained in a rear-end collision. There was conflicting testimony as to whether plaintiff had been stopped at a red light for several moments when he was hit, or whether he suddenly and without proper warning stopped his car, and defendant Locerto could not avoid a collision. In such a case, the issue of credibility is properly one for the jury (*Sorokin v Food Fair Stores,* 51 AD2d 592). Defendant Locerto cannot be held negligent as a matter of law because his vehicle hit plaintiff's in the rear (*see, Nikitas v Crailo Motors Corp.,* 17 AD2d 882). Viewing the evidence before the jury in the light most favorable to defendants, as we must, it cannot be said that a verdict in defendants' favor could not be reached by any fair interpretation of the evidence (*Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376). Therefore, we may not set the jury's verdict aside as contrary to the weight of the credible evidence (*cf. Pettersen v Curreri,* 99 AD2d 774; *Goehle v Town of Smithtown,* 81 AD2d 607, *affd* 55 NY2d 995). Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.