■ ELLEN HEBERER et al., Appellants, v NASSAU HOSPITAL, Defendant, and SIDNEY WAIN et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated March 28, 1984, which, upon a jury verdict, is against them and in favor of the defendants Wain and Tsakis.

Judgment affirmed, with one bill of costs.

After extensive expert testimony concerning the procedures and tests used by the defendants Wain and Tsakis in administering an epidural anesthetic and in the detection of fetal heartbeat, the jury found that those defendants were not negligent. The plaintiffs' first contention on appeal concerns several comments made by counsel for the defendant Sidney Wain during summation. The plaintiffs objected to only one of these comments, and have therefore failed to preserve their claims of error with respect to the other comments for appellate review (see, Murphy v Town of Schodack, 98 AD2d 911). In any event, when read in context, these other comments were within the bounds of the wide latitude allowed to counsel in summation (see, Caraballo v City of New York, 86 AD2d 580, 581). The only comment the plaintiffs raised an objection to was followed by an immediate curative instruction from the court. Under these circumstances reversal is not warranted.

In regard to the plaintiffs' second contention that the jury's verdict should have been set aside as contrary to the weight of the credible evidence, there was extensive conflicting expert testimony at trial. The weight to be afforded conflicting testimony of experts is a matter peculiarly within the province of the jury (Chodos v Flanzer, 109 AD2d 771). Viewing the evidence before the jury in the light most favorable to the respondents, as we must, it cannot be said that a verdict in the respondents' favor could not be reached by any fair interpretation of the evidence (see, Glick v Hittner & Sons, 111 AD2d 150). Therefore we may not set the jury's verdict aside as contrary to the weight of the credible evidence (see, Glick v Hittner & Sons, supra). Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.