■ ANNA M. CERASUOLI et al., Appellants, v RAYMOND BREVETTI et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Bellard, J.), dated October 17, 1988, which, upon a jury verdict, is against them and in favor of the defendants.

Ordered that the judgment is affirmed, with one bill of costs.

On November 16, 1983, the plaintiff Anna Maria Cerasuoli underwent surgery at Brooklyn Hospital for the removal of a needle embedded in the greater omentum of her abdominal cavity. The plaintiffs thereafter commenced the instant action against the defendants Dr. Brevetti and Methodist Hospital, alleging, *inter alia,* that they departed from good and accepted medical and surgical practice in causing and permitting a surgical needle to remain in Mrs. Cerasuoli after the completion of an abdominal hysterectomy performed by Dr. Brevetti on April 7, 1981. After extensive expert testimony concerning the surgical and needle count procedures utilized by the defendants, as well as other expert testimony bearing upon the identification of the needle removed from Mrs. Cerasuoli, the jury found in favor of the defendants.

On appeal, the plaintiffs contend that inflammatory comments made by the counsels for the defense during summation and the court's failure to give the jury a curative charge were highly prejudicial and deprived them of a fair trial. Upon a review of the record, however, we find that these comments, which primarily referred to alternate ways in which the needle could have become embedded in Mrs. Cerasuoli's abdo-

men, constituted fair comment upon the evidence, and were within the bounds of the wide latitude allowed to counsel in summation (see, Braun v Ahmed, 127 AD2d 418, 421-422; Heberer v Nassau Hosp., 119 AD2d 729, 730).

The plaintiffs further contend that the trial court improperly limited the scope of their cross-examination of the defendant Brevetti's expert witness by precluding inquiry into the expert's employment as a consultant to Dr. Brevetti's insurance company. Upon our review of the record, we find that the trial court acted well within its discretionary powers to control the case (see, Feldsberg v Nitschke, 49 NY2d 636; Selly v Port of N. Y. Auth., 36 AD2d 861, 862), and achieved a fair balance between the plaintiffs' right to attack the expert witness's credibility and the prejudicial effect of introducing the fact of Dr. Brevetti's insurance coverage (see, Richardson, Evidence § 169, at 137-138; § 503, at 492 [Prince 10th ed]; cf., Lynch v Ford, 60 AD2d 880, 881), by permitting the plaintiffs to show the witness's prior medical review services for law firms. The plaintiffs have failed to preserve for review their remaining claims of error with regard to the court's rulings during cross-examination of the witness (see, CPLR 5501 [a] [3]; Heberer v Nassau Hosp., supra, at 730; Glow-Brite Elec. Serv. Corp. v Frocol Rest. Corp., 56 AD2d 909).

The plaintiffs' remaining contention on appeal that the verdict was against the weight of the evidence is unsupported by the record. " 'A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence' " (Kwasny v Feinberg, 157 AD2d 396, 402, quoting Olsen v Chase Manhattan Bank, 10 AD2d 539, affd 9 NY2d 829; Nicastro v Park, 113 AD2d 129). In view of the conflicting evidence presented to the jury at bar concerning the identity of the needle removed from Mrs. Cerasuoli's abdomen and the manner in which it came to be embedded within her body, it cannot be said that the verdict in the defendants' favor could not have been reached by a fair interpretation of the evidence. Accordingly, the judgment is affirmed (see, Kwasny v Feinberg, supra; Nicastro v Park, supra). Kunzeman, J. P., Eiber, Sullivan and Miller, JJ., concur.