■ ANTHONY MILLER et al., Appellants-Respondents, v LOUIS BEAUGRAND et al., Defendants, and CITY OF NEW YORK, Respondent-Appellant.—Judgment, Supreme Court, Bronx County (Hansel McGee, J.), entered September 19, 1989, which, after a jury trial, reduced the award of $1,700,000, apportioned 80% against defendant Beaugrand-Fisher Group Inc. and 20% against defendant City of New York, to the amount of $200,000, unanimously modified, on the law and the facts, to reinstate the jury award if $1,700,000, and except as thus modified, affirmed, without costs or disbursements.

Based upon the record before us, we find that the trial court usurped the jury's function in reducing the damage award from $1,700,000 to $200,000. The infant plaintiff, eight years old at the time of trial and with a life expectancy of another 59 years, was found to be suffering from the harmful effects of ingesting lead-based paint peelings over a period of at least six months. The uncontradicted medical evidence showed that he

---

is afflicted with "a rather severe neurological impairment" known as an attention deficit disorder, which manifests itself in his being hyperactive, impulsive and easily distracted. Although treatable with medication and counselling, the condition is permanent. The evidence disclosed that the infant plaintiff also has serious problems with visual processing and perception, as well as significant social and emotional disorders. He requires a special education program, is classified as learning disabled and has an IQ level between normal and retarded. The prognosis with respect to the infant plaintiff is that his condition "will adversely affect his employability."

Finally, it should be noted, the city's two experts who examined the infant plaintiff were not called, and it is conceded that their testimony "would be cumulative" to the findings of plaintiff's expert and "very consistent" with his testimony. In such circumstances, we do not find the jury's award to be excessive or a "deviat[ion] materially from what would be reasonable compensation." (CPLR 5501 [c].)

Nor do we find any legal insufficiency in plaintiff's case against the city. The issue as to whether the city had notice of the condition complained of was presented to the jury as a fact question for its determination (see, Cohen v Hallmark Cards, 45 NY2d 493, 499) and the charge adequately presented the issue (see, Farragher v City of New York, 26 AD2d 494, affd 21 NY2d 756). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.