■ BARBARA GROSS, Respondent, v ANGELA NAPOLI, Appellant. [628 NYS2d 407] —In an action to recover damages for personal injuries, the defendant appeals, as limited by her

brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 10, 1994, as, upon reargument, granted the plaintiff's motion to set aside the verdict in her favor and against the plaintiff, vacated the judgment in her favor and against the plaintiff, and directed a new trial.

Ordered that the order is reversed insofar as appealed from, on the law and on the facts, with costs, the plaintiff's motion is denied, the verdict in favor of the defendant and against the plaintiff is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment.

This action arises from an automobile accident in which the defendant's car struck the plaintiff's car at the intersection of Little Neck Parkway and Northern Boulevard in Queens County. The plaintiff testified that her car was stopped at a red traffic light when the defendant's car hit the rear of her car. The defendant, on the other hand, testified that the plaintiff's car stopped abruptly in the intersection while the traffic light was green and that she could not avoid the collision.

Under the circumstances of this case, we find that the trial court did not improvidently exercise its discretion by granting the plaintiff's motion to reargue the denial of her motion to set aside the verdict (see, CPLR 4404 [a]; *Micallef v Miehle Co.,* 39 NY2d 376, 381; *cf., Casey v Slattery,* 213 AD2d 890). Nevertheless, "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" *(Koopersmith v General Motors Corp.,* 63 AD2d 1013, 1014).

A reasonable view of the evidence in this case can be reconciled with the jury's verdict. The jury could have reasonably concluded that, although the defendant was negligent in the operation of her vehicle, the sole proximate cause of the accident was the plaintiff's abrupt stop in the intersection when the traffic light was green *(see, Rubin v Pecoraro,* 141 AD2d 525; *see also, Glick v Hittner & Sons,* 111 AD2d 150). In addition, this view of the evidence is consistent with the court's charge, which distinguished between negligence and proximate cause and permitted a finding of fault from 0% to 100% *(see, Rubin v Pecoraro, supra).*Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.