■ ADILAH M. MEREDITH et al., Individually and as Joint Administrators of the Estate of JASMINE A. MEREDITH, Deceased, Respondents, v CITY OF NEW YORK, Appellant. [632 NYS2d 812] —In an action to recover damages for wrongful death and personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), entered December 17, 1993, which, upon the stipulation of the plaintiffs to accept a reduced jury verdict, is in favor of the plaintiffs Adilah Monique Meredith and Mark Meredith, as administrators of the estate of Jasmine Meredith in the principal amount of $500,000 ($250,000 for pecuniary loss and $250,000 for pain and suffering) and in favor of the plaintiff Adilah Monique Meredith in the principal sum of $1,000,000 for past and future psychological injury.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting so much of the first decretal paragraph as (1) awarded the plaintiffs Adilah Monique Meredith and Mark Meredith the sum of $250,000 for pecuniary loss and (2) awarded the plaintiff Adilah Monique Meredith the sum of $1,000,000 for past and future psychological injury and substituting therefor a provision severing the plaintiffs' causes of action to recover damages for pecuniary loss and past and future psychological injury, and granting a new trial with respect thereto; as so modified the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon them of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for pecuniary loss from the sum of $250,000 to the sum of $125,000 and to reduce the award for past and future psychological injury from the sum of $1,000,000 to the sum of $700,000, and to the entry of an appropriate amended judgment in their favor; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

Damages in a wrongful death action are limited to pecuniary injuries suffered by the distributees of the decedent's estate (*see*, EPTL 5-4.3). Where, like here, the case involves a "child of tender years, the absence of dollars and cents proof of pecuniary loss" does not require that recovery be limited to nominal damages (*Parilis v Feinstein*, 49 NY2d 984, 985). However, in this case, where the decedent was only four years

old, an award of $250,000 deviates materially from what would be reasonable compensation (*see, Delosovic v City of New York*, 143 Misc 2d 801, *affd* 174 AD2d 407; *see also, Raucci v Town of Rotterdam*, 902 F2d 1050). Moreover, the award to the plaintiff Adilah Monique Meredith deviates materially from what would be reasonable compensation.

The defendant's remaining contentions are either unpreserved for appellate review (*see*, CPLR 4110-b; *Heberer v Nassau Hosp.*, 119 AD2d 729; *Rossetti v Campanella*, 118 AD2d 552) or without merit. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.