■ EBONY HANCOCK, an Infant, by Her Parent and Natural Guardian, MARILYN HANCOCK, Respondent, et al., Plaintiff, v 330 HULL REALTY CORP., Appellant. [638 NYS2d 654]

The trial court did not abuse its discretion in allowing plaintiff to call an additional medical witness on rebuttal after the defense had rested, in lieu of precluding the testimony of defendant's expert as sought by plaintiffs (see, Feldsberg v Nitschke, 49 NY2d 636, 643).

Plaintiffs were also properly permitted to amend their complaint to conform the pleadings to the proof and to increase the ad damnum from $1 million to the amount of the verdict, as reduced, based upon the medical and expert testimony adduced at trial, since, the court, in the absence of prejudice, may, pursuant to CPLR 3025 (c), permit pleadings, including the ad damnum clause, to be amended either before or after judgment to conform to the evidence (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18).

The statements made by plaintiffs' counsel at trial and during summation, when taken in context, constituted fair comment on the evidence adduced at trial, and were not unduly prejudicial. We note that upon objections by defense counsel, the court repeatedly gave the jurors curative instructions and defense counsel never moved for a mistrial (Torrado v Lutheran Med. Ctr., 198 AD2d 346).

We reject defendant's claim that the damage award is legally defective because plaintiffs allegedly failed to present evidence of the extent to which lead poisoning aggravated the infant plaintiff's pre-existing handicaps. Plaintiffs' claim at trial, as accepted by the jury, was that the infant plaintiff's retardation and learning disabilities were solely caused by lead ingestion rather than by any other factors, and defendant failed to request a charge on aggravation of pre-existing injuries before the jury had retired to consider its verdict (CPLR 4110-b; see,

*Bichler v Eli Lilly & Co.*, 55 NY2d 571, 583-584; *cf., Behan v Data Probe Intl.*, 213 AD2d 439).

We agree with the trial court that the damage award for future pain and suffering disability and for future residential care facility expenses, as reduced, does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; *cf., Miller v Beaugrand*, 169 AD2d 537, *lv denied* 77 NY2d 810).

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Wallach, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.