◼ PINHAS SHAPIRA et al., Appellants, v ALEXANDER KRUGER et al., Respondents. [647 NYS2d 231] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Golden, J.), entered June 19, 1995, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This action arises from an automobile accident in which a car operated by the plaintiff Pinhas Shapira (hereinafter the plaintiff) struck a car operated by the defendant Alexander Kruger whom he was following. This accident caused a chain reaction wherein the vehicle operated by the defendant Martin R. Hornstein struck the plaintiff's vehicle and the vehicle operated by the defendant Bruce Molinari struck Hornstein's vehicle. The plaintiff testified that the lead driver stopped short after hitting a construction barrier along the roadway which caused his and the subsequent collisions. Alexander Kruger, the defendant in the lead car, on the other hand, testified that he was struck first by the plaintiff, and then propelled into the construction barrier. Other defendants testified that the plaintiff was at fault in causing the accident and that they could not avoid the collisions.

Under the circumstances of this case, the jury could have reasonably found that the plaintiff caused the ensuing chain reaction of collisions by his own collision with the Kruger vehicle which he was following. "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Koopersmith v General Motors Corp.*, 63 AD2d 1013, 1014). The jury could have concluded that, although the defendants were negligent in the operation of their vehicles, the sole proximate cause of the accident was the plaintiff's own collision with the Kruger vehicle (*see, Gross v Napoli*, 216 AD2d 524; *Rubin v Pecoraro*, 141 AD2d 525; *Glick v Hittner & Sons*, 111 AD2d 150). Moreover, this view of the evidence is consistent with the court's charge, which distinguished between negligence and proximate cause and permitted a finding of fault from 0% to 100% (*see, Rubin v Pecoraro, supra; Maze v DiBartolo*, 130 AD2d 720). Accordingly, the judgment is affirmed. Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.