■ GAY STANTON, Appellant, v PRICE CHOPPER OPERATING COMPANY, INC., Respondent. [663 NYS2d 390] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Caruso, J.), entered April 17, 1996 in Schenectady County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered March 20, 1996 in Schenectady County, which denied plaintiff's motion to set aside the verdict.

Plaintiff commenced this action to recover for injuries she sustained at defendant's supermarket in May 1993 when she was struck in the back by some shopping carts that were being moved by defendant's employee. Following the trial of the action, the jury awarded plaintiff damages totaling only $930 for past medical expenses and pain and suffering. Plaintiff appeals both the damage component of the judgment and the order denying her posttrial motion to set aside the damage award.

---

We affirm. Initially, we are not persuaded that Supreme Court was required to grant a mistrial because of the alleged reference in defendant's opening statement to plaintiff's prior lawsuits. We first note that plaintiff has failed to provide us with any record of the actual words that are alleged to have been uttered by defendant's counsel. The parties' opening statements were not recorded and plaintiff's trial objection merely characterized the utterance as "intimat[ion]" or "impli[cation]" in which defendant's counsel "just about told [the jury]" that plaintiff had brought previous lawsuits. We are not inclined to grant the extreme relief sought by plaintiff solely on the basis of her counsel's characterization of the tenor of defense counsel's statement. In any event, even crediting plaintiff's present representation as to the precise words uttered, we are not persuaded that a statement that plaintiff "has been here before" was sufficiently egregious to "permeate[ ] the trial and create[ ] a climate of hostility that effectively destroyed [plaintiff's] ability to obtain a fair trial" (*DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184, 198, *cert denied sub nom. Poole v Consolidated Rail Corp.*, 510 US 816). Rather, we conclude that, having heard the entire opening statements, Supreme Court was in the best position to judge the context of defense counsel's remark and to gauge its effect on the jury (*see, Murphy v Town of Schodack*, 98 AD2d 911, 912; *Reilly v Wright*, 55 AD2d 544, 545).

We are also unpersuaded that the verdict was against the weight of the evidence. A jury verdict can be successfully challenged as against the weight of the evidence only when the evidence so preponderates in favor of the challenging party that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Adler v Londner*, 228 AD2d 1003; *Burns v Gooshaw*, 225 AD2d 980, 981). Where there exists a sharp factual dispute concerning the nature and extent of the injuries suffered, a reviewing court is reluctant to substitute its judgment for that of the jury absent a showing that the jury's assessment of damages lacked a factual basis or is palpably wrong (*see, Adler v Londner, supra; Nelson v Town of Glenville*, 220 AD2d 955, 957, *lv denied* 87 NY2d 807). On the evidence presented at trial, the jury could have concluded that there was only minimal contact between the shopping carts and plaintiff, that plaintiff's injuries were slight and that substantially all of her physical ailments were the result of her preexisting and deteriorating spinal condition.

Plaintiff's remaining contentions have not been preserved for

our consideration and are in any event found to be lacking in merit.

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the judgment and order are affirmed, with costs.