■ DONNA TAYLOR, Respondent, v OLEN DANIELS, Appellant. [664 NYS2d 6] —Judgment, Supreme Court, Bronx County (Lucindo Suarez, J., and a jury), entered on or about September 30, 1996, awarding plaintiff damages in an action for personal injuries sustained in a car accident, unanimously affirmed, without costs.

The proof showed that plaintiff was traveling in the left-hand lane of a three-lane highway when her car suddenly malfunctioned and coasted to a stop in the left lane; that defendant was driving in the center lane, following closely behind a van that was proceeding too slowly for his liking; that in passing the van, defendant increased his speed and entered the left lane; and that defendant struck plaintiff's vehicle from behind. Under no view of this evidence could the jury have concluded that defendant was faced with an emergency that was not of his own making (see, Rivera v New York City Tr. Auth., 77 NY2d 322, 327-328; Francis v New York City Tr. Auth., 237 AD2d 107). Accordingly, defendant's request for an emergency doctrine charge was properly denied. Nor is there merit to defendant's claim that the court improperly allowed plaintiff medical witness to testify about possible future surgery without defendant ever having been advised of that possibility prior to trial, in violation of 22 NYCRR 202.17 (h). That rule does not preclude a medical witness from "detail[ing] the functional consequences of previously reported injuries or conditions" (Shehata v Sushiden Am., 190 AD2d 620). Here, the witness clearly was not advancing any new injury or condition, but instead merely relating a conclusion that could have been reasonably anticipated from the injuries that were fully disclosed to defendant. Significantly, plaintiff's bill of particulars expressly stated that she might have to undergo future surgery. We have considered defendant's remaining arguments and find them to be without merit. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.