◼ DONALD F. SIMPSON, Respondent, v K-MART CORPORATION, Appellant. [667 NYS2d 90] —Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 23, 1996 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff alleges that in June 1989 he purchased a package of four bungee cords from defendant and subsequently suffered an eye injury after the end clip from one of them became disengaged (*see, Simpson v K Mart Corp.,* 194 AD2d 966). He commenced this action against defendant three months later. Plaintiff was awarded damages after a jury found that defendant negligently manufactured the injury-causing bungee cord and breached its implied warranty of fitness. On appeal, defendant contends that the cumulative effect of several pretrial and trial errors prevented it from rebutting certain expert proof offered by plaintiff and denied it a fair trial. We disagree and affirm.

First, Supreme Court (Keegan, J.) did not err in denying defendant's motion seeking additional discovery. From the

outset, defendant denied knowledge as to whether it sold the injury-causing bungee cord. Discovery ensued, during which the four bungee cords purchased by plaintiff, which obviously included the offending bungee cord, were examined by defendant's expert witness on at least two occasions. In November 1993, a note of issue was filed and defendant did not move for additional discovery, presumably content that none was needed to establish its defense that it did not sell the bungee cords at issue.

In early 1995 defendant's expert witness passed away and, in May 1995, one month before the trial was to commence, new counsel was substituted for defendant. The trial was rescheduled for December 1996. In May 1996, defendant sought permission for its new expert to conduct the "only" test which could determine whether the four bungee cords purchased by plaintiff were in fact supplied by defendant—the fourier transform infra-red spectroscopy test. Defendant's motion was denied.

Pursuant to 22 NYCRR 202.21 (d), a court may, in order to prevent substantial prejudice, grant permission to conduct additional pretrial discovery "[w]here unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness". Defendant asserts that the death of its expert witness was such a circumstance and that it was prejudiced by Supreme Court's denial of its motion for additional discovery. In our view, despite the death of its expert, defendant had an adequate opportunity to conduct discovery prior to the filing of the note of issue to develop evidence—by way of spectroscopy testing or otherwise—to disprove that it sold the cords.

Significantly, we note that defendant's theory of the case did not change with the substitution of counsel (*compare*, *De Lucco v Davidson*, 126 Misc 2d 266, *affd* 115 AD2d 1021) or the substitution of experts; rather, defendant continued to assert that it may not have supplied the bungee cords. Over 6½ years after the action was commenced and 2½ years after the note of issue was filed, defendant, through new counsel, claimed that the fourier transform infra-red spectroscopy test was the only way to establish this defense. If true, then the test clearly could have been performed, and should have been performed, prior to the filing of the note of issue. In our view, defendant's allegation merely amounts to a claim of incomplete discovery, which was insufficient to warrant the relief requested (*see*, *Welch v County of Clinton*, 203 AD2d 749).

Defendant next claims that plaintiff's expert witness should

have been precluded from testifying about the results of testing he performed on exemplar bungee cords. At trial, defense counsel objected to this testimony on the ground that he was not present at the testing. Defendant has offered no legal principle demonstrating a right to either prior notification of testing of exemplars or a right to observe testing of exemplars by an opposing party's expert. Defendant also claims, for the first time on appeal, that this testimony should have been precluded because defendant did not have access to its own set of exemplar bungee cords and was therefore unable to offer any rebuttal expert testimony. Notably, however, defense counsel never asserted at trial that defendant did not have access to its own exemplar cords nor did he offer an explanation for defendant's apparent failure to acquire exemplars from any one of its nationwide chain of stores within a reasonable period of time after the filing of this suit. Because defendant never made a showing that it was in "substantial need of the [exemplar cords in plaintiff's possession] * * * and [was] unable without undue hardship to obtain the substantial equivalent of the[se] materials by other means" (CPLR 3101 [d] [2]), its claim of prejudice in permitting plaintiff's expert to testify about his pretrial testing is unpersuasive.

Finally, having failed to object to any portion of the summation by plaintiff's counsel, defendant has failed to preserve its present claim that certain comments made therein denied it a fair trial (*see, Van Derzee v Knight-Ridder Broadcasting*, 185 AD2d 1011, 1012). In any event, none of the alleged offending remarks warrants reversal of the judgment.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.