■ MICHAEL HITCHCOCK, Appellant, v RICHARD BEST, Respondent. [669 NYS2d 419] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Lamont, J.), entered May 20, 1996 in Albany County, upon a verdict rendered in favor of defendant.

Plaintiff alleged that he sustained an injury to his arm when he lost his balance and fell off a landing while exiting the front door of his home and struck his hand through a glass pane of a bay window adjacent to the landing. He attributed his injury to the negligence of defendant, the owner of the house, who plaintiff alleged failed to replace a railing on the steps which plaintiff contended would have prevented his fall. He further alleged that defendant orally promised to do major repairs at the house and that replacement of the banister was a major repair for which defendant was responsible. Plaintiff also claimed that the railing was missing for a substantial period of time and that defendant was aware that it was missing.

The jury found that defendant was not responsible for the repair of the railing. The jury did not answer the subsequent question of plaintiff's comparative negligence in view of its first finding.

Plaintiff seeks a new trial urging that defense counsel's misconduct in cross-examination and in his summation was so egregious as to deny plaintiff a fair trial. We note prefatorily that plaintiff's counsel did not move for a mistrial on grounds of attorney misconduct. This issue is thus not preserved for our review (see, Murphy v Town of Schodack, 98 AD2d 911). Were we to consider the contention, we would nonetheless conclude that defense counsel's conduct was not so improper as to require a new trial (cf., DiMichel v South Buffalo Ry. Co., 80 NY2d 184, 198, cert denied sub nom. Poole v Consolidated Rail Corp., 510 US 816). We note also that Supreme Court sustained some of plaintiff's objections and instructed the jury to disregard those questions, thus further mitigating any harm to plaintiff. We find that no prejudice accrued to plaintiff. We also conclude that defense counsel's summation was not prejudicial to plaintiff but was well within the parameters of permitted commentary on the evidence.

Plaintiff next contends that Supreme Court erred in its

charge on comparative negligence. Plaintiff proceeded on the theory that his injury resulted from the missing handrail which would have prevented his fall and that defendant's failure to replace it was a substantial factor in causing the injuries he sustained. Defendant maintained, on the other hand, that plaintiff's own conduct caused his injury and/or that his intoxication and/or other negligence caused or substantially contributed to his injury.

Plaintiff's challenge to Supreme Court's charge as to comparative negligence need not be reviewed in that the jury never considered the question. The jury found that defendant was not responsible for repair of the railing and that no negligence was attributable to defendant (*see*, *Scala v Discount Rent-A-Car Corp.*, 58 AD2d 928, *lv denied* 43 NY2d 646). The charge on comparative negligence, therefore, did not affect the outcome of the trial.

Plaintiff also contends that he was improperly foreclosed from explaining the nature of the agreement as to repairs. We disagree. Plaintiff had initially testified that he had no agreement with defendant as to the maintenance of the leased premises. He was subsequently permitted to testify that he and defendant had an oral agreement whereby plaintiff would do "basic" repairs and defendant would "do the rest". Plaintiff attempted to offer opinion testimony as to who would be responsible for certain repairs. Supreme Court properly excluded such testimony. Plaintiff was permitted wide latitude in the testimony he offered as to the oral agreement between defendant and himself.

Finally, plaintiff takes exception to Supreme Court's change of the verdict sheet after summation. The court added a question to the verdict sheet as to whether repair and/or replacement of the metal handrail was a major repair. In view of the trial testimony offered by plaintiff that he was responsible for "basic" repairs, the alteration reflected plaintiff's position as to defendant's liability and no reversal is necessary under such circumstances (*see*, *Spadaccini v Dolan*, 63 AD2d 110, 122-123). Nor do we find the use of "and/or" in the question ambiguous or incorrect as to the law.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.