■ JOAN MOORE et al., Appellants, v LISA Z. BAME, Respondent. [682 NYS2d 472] —Peters, J. Appeal from an order and judgment of the Supreme Court (Teresi, J.), entered November 11, 1997 in Albany County, upon a verdict rendered in favor of defendant.

On December 11, 1993, at approximately 12:15 P.M., plaintiff Joan Moore and defendant were involved in an automobile accident while proceeding in an easterly direction on Interstate Route 90 in the City of Albany. As a result of injuries sustained, the instant action was commenced. After trial, the jury concluded that defendant was not negligent.

Upon appeal, plaintiffs challenge Supreme Court's submission of the emergency doctrine to the jury, over objection, which provides as follows: "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be

reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). The reasonableness of the party's actions must be judged in accordance with the emergency situation presented (*see, id.*; *Malatesta v Hopf*, 163 AD2d 651, *affd* 77 NY2d 828) so long as such sudden and unforeseen occurrence is not of the party's own making (*Gage v Raffensperger*, 234 AD2d 751). Instruction on such doctrine will not, however, be deemed proper when it is found that the situation was neither sudden nor unexpected or could have been reasonably anticipated in light of the surrounding circumstances (*see, Palmer v Rouse*, 232 AD2d 909, 911; *Pincus v Cohen*, 198 AD2d 405, 405-406; *Malatesta v Hopf, supra*, at 653).

Applying those principles, we agree with plaintiffs that the mere existence of snowy conditions on a roadway does not warrant imposition of the emergency doctrine. However, the markedly different versions of this accident did warrant its consideration here. Moore contended that when the accident occurred, it was snowing lightly and she was traveling at a speed of about 25 to 30 miles per hour. She testified that she saw defendant's vehicle approaching from the left-hand lane behind her; she felt the impact of that vehicle, realized that it bounced off and then felt it hit her car again. After the second impact, Moore stated that her vehicle came to a stop in the middle lane. Moore's father, a passenger in her car, confirmed that defendant's vehicle hit them from behind.

Defendant and her passenger testified that the road was icy and slippery, with the wind blowing while it was sleeting. Observing an accident more than one-half mile ahead, defendant testified that she took her foot off the accelerator and went into a 360-degree spin. During this incident, her vehicle struck no others and upon her eventual control of the car, she brought it to a stop. Defendant thereafter resumed travel at a speed of approximately 10 miles per hour, turned on her right-turn signal in an attempt to enter the right-hand lane and, after traveling approximately one quarter of a mile, felt an impact from behind caused by Moore's vehicle. Police Officer William Traynor, who arrived at the accident scene after impact, testified, however, that defendant advised him that "her car slid on the ice and slid across the road, and at that time both vehicles collided with each other". With such contradiction, we find that sufficient facts were presented to have justified the charge of the emergency doctrine.

Regarding any alleged error concerning the introduction of photographs by defense counsel, we find no record objection to their admission, only an inquiry concerning the veracity of counsel's representation regarding the reason for their late production. Accordingly, the issue is unpreserved (*see, Hitchcock v Best*, 247 AD2d 769).

As to all other issues raised on appeal concerning defense counsel's alleged egregious conduct at trial, we find that the failure to move for a mistrial precludes our review (*see, id.*).*

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

---

* Were we to consider it, we would not conclude that counsel's conduct so "permeated the trial and created a climate of hostility that effectively destroyed the * * * ability to obtain a fair trial" (*DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184, 198, *cert denied sub nom. Poole v Consolidated Rail Corp.*, 510 US 816; *see, Stanton v Price Chopper Operating Co.*, 243 AD2d 934).