■ DANIA MAYI et al., Respondents, v 1551 ST. NICHOLAS LLC et al., Appellants. [774 NYS2d 528]—

Order and judgment (one paper), Supreme Court, New York County (Kibbie Payne, J.), entered October 11, 2002, which, after a jury verdict and stipulated reduction, awarded plaintiffs damages in the principal sum of $1,390,000, unanimously affirmed, without costs.

The award, as reduced, does not deviate materially from rea-

sonable compensation under the circumstances, where the infant plaintiff, as a result of ingesting lead-based paint, sustained permanent neurological impairment exhibited in language delay, and suffers from hyperactivity and attention deficit disorder (*see Miller v Beaugrand*, 169 AD2d 537 [1991], *lv denied* 77 NY2d 810 [1991]). Contrary to defendants' contention, that part of the judgment awarding $825,000 for future lost earnings was not speculative, but rather was based on models presented by the testifying economist in light of the infant plaintiff's diagnosis.

The pediatric neurologist who testified on defendants' behalf was properly precluded from referring to an alleged language disorder suffered by the infant plaintiff's father when he was a child. There was no documented proof that the nonparty parent suffered from such a condition, and his privileged medical history was not in issue (*see Monica W. v Milevoi*, 252 AD2d 260 [1999]).

Defendants' preclusion from calling a second pediatric neurologist was a provident exercise of discretion (*see Irrizary v City of New York*, 95 AD2d 713 [1983]). The doctor's expected testimony was based on a review of the infant plaintiff's records and would have been cumulative to the testimony of defendants' other neurologist, who determined after examination that the child's condition was congenital.

Questions posed by plaintiffs' counsel to defendants' owner (several of which were stricken on objection) did not improperly suggest defendants' breach of a legal duty to test for the hazardous lead condition in the absence of notification of a violation. Defendants' challenges to remarks made by plaintiffs' counsel on summation are unpreserved (*see Smith v City of New York*, 217 AD2d 423 [1995]), and we decline to review them in the interest of justice. Were we to review them, we would find that counsel's summation generally constituted fair comment on the evidence and exhibited no pattern of egregious conduct.

We have considered defendants' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Sullivan, Williams, Friedman and Marlow, JJ.