■ STEVEN SWEENEY et al., Appellants, v JEREMY PETERSON, Respondent. [805 NYS2d 477]—

Carpinello, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered May 6, 2004 in Clinton County, upon a verdict rendered in favor of defendant.

Plaintiffs were seriously injured in an automobile accident on the evening of May 24, 1999 when a State Police vehicle operated by defendant, a State Trooper, fishtailed out of control on the wet road, spun around and struck their oncoming vehicle. It was pouring rain at the time of the accident and defendant was responding to a call indicating a possible burglary in process. Following an unsuccessful motion for summary judgment (1 AD3d 650 [2003]), a jury trial ensued after which a verdict was rendered in favor of defendant. Specifically, the jury concluded that defendant's operation of his police vehicle that evening did not demonstrate a reckless disregard for the safety of others under Vehicle and Traffic Law § 1104 (e). Plaintiffs appeal, and we now affirm.

Plaintiffs claim that certain comments by defense counsel during summation—references to the fact that defendant was sued in his individual capacity and references to the fact that plaintiffs' expert witnesses were compensated for their testimony—were so prejudicial as to warrant a new trial. Notably, no objection was made to any of these comments, thus the issues are unpreserved for this Court's review (*see Hinlicky v Dreyfuss*, 18 AD3d 18, 22 [2005]; *Hitchcock v Best*, 247 AD2d 769 [1998]; *Simpson v K-Mart Corp.*, 245 AD2d 991, 993 [1997], *lv denied* 91 NY2d 813 [1998]). Were we to consider the issues, we would in any event be unpersuaded that the remarks, viewed alone or cumulatively, justify a new trial.

First, with respect to plaintiffs' claim that the references to defendant's party status were made in an attempt to invoke the jury's sympathy and conveyed an incorrect message that defendant would be personally responsible for any damages, we are satisfied that these comments, viewed in context, were not intended to imply, nor did they imply, that defendant would be personally responsible for damages. Rather, the comments were offered to dispel any notion that certain State Troopers testified in a manner so as to protect defendant, a fellow officer. Moreover, the challenged remarks concerning plaintiffs' experts, to the extent even improper, were not so egregious as to warrant a new trial (*see Hitchcock v Best, supra*; *Simpson v K-Mart Corp., supra*; *see also Mayi v 1551 St. Nicholas*, 6 AD3d 219, 220 [2004]; *Khan v Galvin*, 206 AD2d 776 [1994]).

Finally, to the extent that Supreme Court erred in limiting the testimony of certain witnesses, any error was harmless since the precluded testimony was cumulative of evidence already before the jury during plaintiffs' direct case (*see Mayi v 1551 St. Nicholas, supra*; *Mohamed v Cellino & Barnes*, 300 AD2d 1116 [2002], *lv denied* 99 NY2d 510 [2003]; *Horner v Way*, 257 AD2d 819, 820 [1999]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.