■ HAN SOO LEE et al., Appellants, v RIVERHEAD BAY MOTORS et al., Defendants, and RIVERHEAD POOH, L.L.C., et al., Respondents. [868 NYS2d 666]—

While the trial court dismissed plaintiff Han Soo Lee's claim for lost wages on other grounds, it misrepresented the law when it suggested to the jury that plaintiff was precluded from recovering lost wages because of his immigration status (*see Balbuena v IDR Realty LLC*, 6 NY3d 338, 362 [2006]). The court erred in failing to provide a curative instruction explaining that working in the United States without the proper documentation is neither a crime pursuant to the Immigration Reform and Control Act of 1986 (8 USC § 1324a *et seq.*) (*see Balbuena* at 361) nor a bar to the recovery of damages in a civil action for personal injuries, and this error caused undue prejudice to plaintiff.

The court improperly precluded the testimony of plaintiff's treating orthopedic surgeon as to his need for future back surgery. The requirement of future back surgery was set forth in expert disclosure pursuant to CPLR 3101 (d), which included two of the surgeon's reports and the surgeon's explanation that he was trying less invasive treatments before resorting to surgery (*see McGee v Family Care Servs.*, 246 AD2d 308 [1998]).

Similarly, the court improperly precluded the testimony of another treating orthopedic surgeon as to plaintiff's need for future hip replacement surgery. The need for future hip surgery was raised in plaintiff's bill of particulars, which stated that plaintiff developed post-traumatic degenerative arthritis of the hip and would require a hip replacement in the future (*see Holshek v Stokes*, 122 AD2d 777, 778-779 [1986]). The surgeon should have been permitted to testify also as to the permanency of plaintiff's pain, his limp, and his future need of a cane. The court also improperly precluded the testimony of plaintiff's treating physiatrist, a doctor of osteopathy, as to plaintiff's need for future physical therapy, on the ground that he was not a medical doctor (*see Escobar v Allen*, 5 AD3d 242 [2004]).

The court properly precluded plaintiff's expert economist from testifying, as plaintiff failed to provide a proper foundation for the expert's testimony (see DelValle v White Castle Sys., 277 AD2d 13 [2000]).

Plaintiffs do not appeal from that portion of the judgment that awarded $100,000 for past loss of services and $126,000 for past medical expenses.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny and Moskowitz, JJ.