Matter of Francisco A. v Amarilis V. (2021 NY Slip Op 05281)





Matter of Francisco A. v Amarilis V.


2021 NY Slip Op 05281


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Docket No. V-38601/19 V-38602/19 O-38605/19 Appeal No. 14260-14260A Case No. 2021-01018 

[*1]In the Matter of Francisco A., Petitioner-Respondent,
v
Amarilis ., Respondent-Appellant.


Bruce A. Young, Brooklyn, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children.



Orders, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about March 15, 2021, which, after a hearing, granted petitioner father sole legal and physical custody of the subject children, and granted a final order of protection against respondent mother, unanimously affirmed, without costs.
Respondent is correct that, even if the order of protection has expired, the appeal is not moot, given the order's "enduring consequences" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).
Nevertheless, respondent failed to demonstrate that either the order of protection or the custody order should be disturbed. Contrary to her argument, she was not deprived of a full and fair hearing. Her contentions that the court should have held a Lincoln hearing or that the attorney for the children did not adequately represent the children's interests are unpreserved for our review. Her contention that technological issues at the virtual hearing precluded her from adequately presenting her case is also unpreserved and in any event conclusory. Her counsel objected at one point to being rushed by the court, but respondent failed to show that counsel was prevented from asking questions or otherwise hampered by the court's time constraints. Moreover, the court's time constraints were imposed in an even-handed manner against all parties and in consideration of the extraordinary circumstances presented by the Covid-19 pandemic (see Judiciary Law § 2-b[3]; Ciccone v One W. 64th St., Inc., 69 Misc 3d [Sup Ct, NY County 2020]).
Respondent's contention that the court improperly ignored evidence of petitioner's alleged domestic violence against her is unavailing. Although the court pointed out that certain orders of protection to which respondent referred were not in the court file, respondent's counsel never tried to rectify the omission. The court's preclusion of a corroborating witness for respondent on the family offense petition was a provident exercise of discretion, the court having determined that it had sufficient evidence on which to make its decision (see Irizarry v City of New York, 95 AD2d 713 [1st Dept 1983]). Respondent's conclusory contention that the court overstepped its role and became an advocate for petitioner is unsubstantiated in the trial transcript.
Petitioner established attempted assault in the third degree by a fair preponderance of the evidence (see Family Court Act §§ 812[1]; 832). He testified that on the night of October 15, 2019, respondent went to his apartment with two other individuals, entered without his permission, and physically attacked him. The court found petitioner's testimony more credible than respondent's, and we see no reason to disturb that determination, which is entitled to deference (Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021