Moctezuma v New York City Tr. Auth. (2023 NY Slip Op 06445)

Moctezuma v New York City Tr. Auth.

2023 NY Slip Op 06445

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 152659/14 Appeal No. 1209 Case No. 2020-04951 

[*1]Jesus Moctezuma, Plaintiff-Respondent,
v
New York City Transit Authority, et al., Defendants-Appellants, Joel Genao, et al., Defendants.

Armienti, DeBellis & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for appellants.
Bisogno & Meyerson, LLP, Brooklyn (Patrick F. Bisogno of counsel), for respondent.

Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered December 9, 2020, to the extent appealed from as limited by the briefs, upon a jury verdict in plaintiff's favor and against defendants New York City Transit Authority (NYCTA), Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Nyema Rivera (collectively, the NYCTA defendants), awarding him $500,000 for past pain and suffering, $1,050,000 for future pain and suffering, and $125,200 for future medical expenses, and bringing up for review an order, entered on or about April 10, 2019, which denied, in part, the motion of the NYCTA defendants to modify or set aside the jury award, unanimously affirmed, without costs.
In this personal injury action, the evidence established that plaintiff was bicycling in Manhattan when defendant Joel Genao opened a car door in front of him, knocking him off his bicycle and onto the pavement. As plaintiff lay on the ground, he was hit by a NYCTA bus driven by Rivera. As a result of the incident, plaintiff was hospitalized for eight days and required extended care even after he left the hospital. The incident caused severe injuries to plaintiff's left leg, leaving him with, among other aftereffects, a large disfiguring scar on his calf, nerve damage, decreased sensation in his leg, loss of knee function, and muscle atrophy. Plaintiff testified at trial that he still suffers from continuous pain and that he walks with a limp.
Supreme Court properly denied the NYCTA defendants' motion, made at the conclusion of plaintiff's case in chief, for a directed verdict on liability. Defendants' motion was based on the argument that plaintiff failed to prove that the bus actually hit him; however, viewing the evidence in the light most favorable to plaintiff, who was the non-moving party, we find that the evidence can be fairly interpreted as showing that the bus wheel did come in contact with plaintiff's leg and he avoided a crushing injury to his leg because the wheel of the bus rolled along, not over, the side of his calf (see Matter of S. Kornblum Metals v Intsel Corp., 38 NY2d 376, 379-380 [1976]). We do not reach the issue of whether the jury's determination to allocate zero fault to plaintiff is against the weight of the evidence, as defendant did not challenge that finding when moving to set aside the liability verdict and the issue is not preserved for our review (see Silverstein v Harmonie Club of City of N.Y., 173 AD2d 378, 378 [1st Dept 1991]).
Supreme Court properly denied the NYCTA defendants' motion to modify or set aside the jury's damages award, as the trial testimony from plaintiff's physician adequately explained the nature and extent of plaintiff's injuries and provided a proper basis for the jury to measure plaintiff's damages. As to the award for past and future pain and suffering, the medical testimony, photos, and records in evidence show that the jury's verdict did not deviate materially [*2]from what would be reasonable compensation for plaintiff's injuries, as the award served to compensate not for the injury alone, but for plaintiff's degree of pain (see Bermeo v Atakent, 241 AD2d 235, 239 [1st Dept 1998]).
The award of damages for future medical expenses was supported by the testimony of plaintiff's treating physician, and the trial court did not improvidently exercise its discretion in permitting him to testify as to the need for future surgery since his testimony concerned the functional consequences of plaintiff's injuries (see Taylor v Daniels, 244 AD2d 176, 176 [1st Dept 1997]; see also Han Soo Lee v Riverhead Bay Motors, 57 AD3d 283, 284 [1st Dept 2008]). The need for future treatment was also included in both the bill of particulars and plaintiff's expert disclosure. In any event, the NYCTA defendants suffered no prejudice by the trial court's decision to allow the testimony, as both defense examining physicians were on notice of the claim for future treatment, both opined there was no need for it, and both were available to testify to refute the opinion of plaintiff's expert.
We reject the NYCTA defendants' argument that the trial court erred in denying its request for a one-day continuance to permit Rivera, who was pregnant at the time of trial, to testify. The trial court, in the exercise of discretion, granted NYCTA's alternate request for leave to read Rivera's deposition testimony into the record and NYCTA's counsel did not object when the court granted that request (see Mayorga v Jocarl & Ron Co., 41 AD3d 132, 134 [1st Dept 2007], lv dismissed 3 NY3d 996 [2007]).
We also reject the NYCTA defendants' arguments that various trial errors required the grant of a mistrial or setting aside the verdict. Although the jury initially rendered an inconsistent verdict on liability, the trial court properly directed the jury to reconsider its responses, and the jury did so (CPLR 4111[c]; see Peters v Port Auth. Trans-Hudson Corp., 234 AD2d 205, 206 [1st Dept 1996], lv denied, 90 NY2d 802 [1997]). As to purportedly improper remarks made by plaintiff's counsel in summation, those remarks were either not objected to by defendants (see Mayi v 1551 St. Nicholas, 6 AD3d 219, 220 [1st Dept 2004]), or constituted fair comment on the evidence (see Freeman v Kirkland, 184 AD2d 331, 332 [1st Dept 1992]). In any event, when viewed in context, the isolated comments did not warrant a mistrial (see Calzado v New York City Tr. Auth., 304 AD2d 385, 385 [1st Dept 2003]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023