■ Francine Kienzle et al., Appellants, v Francis McLoughlin, Respondent. [610 NYS2d 771] —Judgment, Supreme Court, Suffolk County (Patrick Henry, J.), entered October 30, 1991 upon a jury verdict on the issue of liability only, in favor of defendant, unanimously affirmed, without costs.

In this rear end collision case, the IAS Court properly denied plaintiffs' motions for a directed verdict and to set aside the verdict as against the weight of the evidence, as the jury was presented with widely divergent versions of the accident, and viewing the evidence in the light most favorable to the prevailing party, a reasonable jury could have credited defendant's testimony that plaintiff came to a sudden stop after being cut off by a third vehicle, and found that defendant, therefore, was not negligent in striking plaintiff's vehicle (see, Marton v McCasland, 16 AD2d 781). There was no error with respect to the admission of limited evidence concerning the damage to plaintiff's vehicle because it bore significantly on the liability issue and plaintiff's credibility.

We have considered plaintiffs' other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.

■ Bruce Wolowitz, Appellant-Respondent, v Goldie Wolowitz, Respondent, and Arnold Wolowitz, Respondent-Appellant. [610 NYS2d 770] —Order, Supreme Court, Nassau County (M. Hallsted Christ, J.), entered December 20, 1991, which, inter alia, dismissed the action as against defendant-respondent on the ground of res judicata, unanimously affirmed, without costs.

We agree with the IAS Court that plaintiff's cause of action in contract and for tortious interference with same alleges the same transactions and occurrences he set forth in both the prior mortgage foreclosure and matrimonial actions, and that he cannot now seek a different result on a different theory (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304).

We have reviewed the parties' remaining contentions, including cross-appellant's request for sanctions, and find that they do not warrant modification of the order on appeal. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.