■ KENNETH MIGDOL, Appellant, v DENNIS STRIKER, Respondent. [626 NYS2d 963] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated September 26, 1993, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

As a general rule, a rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle unless the operator of the moving vehicle can come forth with an adequate, non-negligent explanation for the accident *(see, Gambino v City of New York,* 205 AD2d 583; *Parise v Meltzer,* 204 AD2d 295; *Aromando v City of New York,* 202 AD2d 617).

In this case, there are triable issues of fact as to whether the defendant failed to keep a safe distance under the existing traffic conditions and whether the plaintiff suddenly stopped, thus contributing to the accident *(see, DeCosmo v Hulse,* 204 AD2d 953; *Varsi v Stoll,* 161 AD2d 590; *Glick v Hittner & Sons,* 111 AD2d 150). Accordingly, the court properly denied the plaintiff's motion for summary judgment. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.

■ TERCI MORI et al., Appellants, v CITY OF NEW YORK, Respondent. [626 NYS2d 963] —Appeal by the plaintiffs from an order of the Supreme Court, Queens County (Price, J.), dated May 28, 1993.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Price at the Supreme Court. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.