◼ DANIELLE NIEMIEC, Respondent, et al., Plaintiffs, v ROBERT L. JONES et al., Appellants. [654 NYS2d 163] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated May 8, 1995, as upon granting the plaintiffs' motion for a judgment as a matter of law on the issue of liability and after a jury trial on the issue of damages, is in favor of the plaintiff Danielle Niemiec and against the defendants in the principal sum of $319,276.03.

Ordered that the judgment is reversed insofar as appealed from, on the law, the plaintiffs' motion for judgment as a matter of law is denied, and a new trial on the causes of action asserted in the complaint on behalf of the plaintiff Danielle Niemiec is granted on the issue of liability, with costs to abide the event, and the jury's findings of fact as to damages are affirmed.

On January 9, 1992, the plaintiff Danielle Niemiec was a passenger in a vehicle being driven by her father Dan Hoek, when their vehicle was hit in the rear by a truck driven by the defendant Robert Jones. The plaintiffs testified that they came to a stop because there was a school bus parked on the roadway discharging children. The defendant testified that the two vehicles had already passed the school bus and that the plaintiffs' vehicle came to a sudden unexplained stop.

The plaintiffs Danielle Niemiec, Christopher Niemiec, Dan Hoek, and Patricia Hoek, commenced this action to recover damages for personal injuries and loss of consortium. At the close of evidence at the trial on liability the court granted the plaintiffs' motion for judgment as a matter of law. Thereafter, the plaintiff Dan Hoek and Patricia Hoek settled with the defendants and the plaintiff Christopher Niemiec's claim was dismissed. After a damages trial as to Danielle Niemiec only, the jury awarded her damages in the principal sum of $319,465.50.

The defendants contend that the trial court improperly granted plaintiff Danielle Niemiec's motion for judgment as a matter of law finding the defendants 100% at fault in the happening of the accident. While we agree with the trial court's determination that Danielle Niemiec, a passenger in the vehicle that was hit, shared no portion of the liability, we disagree with the trial court's finding that the defendants were completely at fault.

A driver of a motor vehicle has a duty to keep proper control of that vehicle, and to not stop suddenly or slow down without proper signaling so as to avoid a collision (*see*, Vehicle and Traffic Law § 1163; *Lipp v Saks*, 129 AD2d 681, 682). Where a defendant contends that the vehicle in front of him came to an unexplained sudden stop, questions of fact are raised that should be submitted to the jury (*see*, *DeCosmo v Hulse*, 204 AD2d 953; *Kienzle v McLoughlin*, 202 AD2d 299). Upon viewing the evidence in the light most favorable to the defendants, a rational trier of fact could find for the defendants. Accordingly, the matter is remitted for a new trial on liability in order that an apportionment of fault can be determined as between the defendants and Dan Hoek.

The jury, in awarding damages, found that Danielle Niemiec had sustained damages for past medical expenses, lost income, and babysitting expenses in the sum of $14,855.50. While the jury's findings of fact as to these damages are supported by the evidence, we agree with the defendants' contention that, as a matter of law, this sum represents nonrecoverable basic economic loss (*see*, Insurance Law § 5102 [a]; § 5104 [a]; *Ellis v Johnson Motor Lines*, 198 AD2d 258). Accordingly, after the new trial on the issue of liability, any judgment entered in favor of Danielle Niemiec should be in the principal sum of $304,610 ($319,465.50 − $14,855.50). O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.