■ NANCY MUNDO, Respondent, v CITY OF YONKERS et al., Appellants, and PAUL RESTO, Respondent. (Action No. 1.) PAUL RESTO, Respondent, v CITY OF YONKERS et al., Appellants. (Action No. 2.) [672 NYS2d 128] —In related actions to recover damages for personal injuries, the defendants City of Yonkers and Waldell Harris appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered December 24, 1996, as granted the motion of Paul Resto, a defendant in Action No. 1, for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in Action No. 1, and (2) an order of the same court, entered March 11, 1997, as, upon reargument, (a) in effect, adhered to so much of the original determination as granted the motion of the defendant Paul Resto for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in Action No. 1, and (b) granted those branches of the separate motions of Nancy Mundo, the plaintiff in Action No. 1, and Paul Resto, the plaintiff in Action No. 2, which were for partial summary judgment on the issue of the appellants' negligence.

Ordered that the appeal from the order entered December 24, 1996, is dismissed, as that order was superseded by the order entered March 11, 1997, made upon reargument; and it is further,

Ordered that the order entered March 11, 1997, is reversed insofar as appealed from, on the law, the motion of the defendant Paul Resto for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in Action No. 1 is denied, those branches of the separate motions of the plaintiff Paul Resto and the plaintiff Nancy Mundo which were for partial summary judgment on the issue of the appel-

lants' negligence are denied, and the order entered December 24, 1996, is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs payable by the respondents Nancy Mundo and Paul Resto.

Paul Resto was driving his automobile on the New York State Thruway in the appellant City of Yonkers when he was struck in the rear by a garbage truck owned by the City and operated by the appellant Waldell Harris. Nancy Mundo was a passenger in the Resto vehicle. Mundo commenced Action No. 1 against Resto, the City, and Harris. Resto commenced Action No. 2 against the City and Harris. The parties separately moved for summary judgment in both actions.

As a general rule, a rear-end collision with a stationary vehicle creates a prima facie case of liability in favor of the operator of the stationary vehicle unless the operator of the moving vehicle can come forward with an adequate, non-negligent explanation for the accident (*see, Parise v Meltzer,* 204 AD2d 295).

Here, the parties presented conflicting evidence as to the circumstances surrounding the accident, including whether the Resto vehicle came to a sudden, unexplained stop on this heavily-traveled interstate roadway, thus contributing to the accident (*see, Migdol v Striker,* 215 AD2d 358; *DeCosmo v Hulse,* 204 AD2d 953). Accordingly, the court should have denied Resto's motion for summary judgment in Action No. 1 and that branch of his motion in Action No. 2 which was for partial summary judgment on the issue of the appellants' negligence. In addition, since there are triable issues of fact as to the liability of Resto and/or the appellants for Mundo's alleged injuries, the court also should have denied that branch of Mundo's motion in Action No. 1 which was for partial summary judgment on the issue of the appellants' negligence. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.