■ PETER DARMETTA, an Infant, by His Mother and Natural Guardian, ANGELA DARMETTA, et al., Respondents, v MARC GINSBURG et al., Appellants. [682 NYS2d 407] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Mastro, J.), entered January 12, 1998, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants on the issue of liability and directed a verdict in favor of the plaintiffs.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, and the jury verdict is reinstated.

The jury verdict in favor of the defendants clearly had a rational basis and therefore the Supreme Court erred in directing a verdict in favor of the plaintiffs (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Further, the verdict was not against the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). Determinations regarding the credibility of witnesses are for the fact-finders, who had the opportunity to see and hear the witnesses, and great deference is accorded to their findings (*see, Matter of Corcoran v People's Ambulette Serv.,* 237 AD2d 402). A review of the evidence in this case demonstrates that a fair basis existed for the verdict in the defendants' favor (*see, Chiappone v Greenebaum,* 189 App Div 579). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.