■ WILLIAM J. MASCHKA, Respondent, v FRANK E. NEWMAN, Appellant. (And a Third-Party Action.) [692 NYS2d 472] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), entered March 26, 1998, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant, Frank E. Newman, testified before trial that he was stopped on Sound Avenue in Riverhead, anticipating making a left-hand turn into a garden nursery, when his vehicle was struck in the rear by a vehicle driven by the plaintiff's wife, the third-party defendant, Patricia A. Maschka, in which the plaintiff was a passenger. The parties all concurred in their deposition testimony that the Newman vehicle was stopped at the time of impact. However, the plaintiff and the third-party defendant adduced evidence in admissible form tending to show that the Newman vehicle had stopped suddenly without warn-

ing, and without giving any signal indicating an intent to make a left turn.

It is well settled that a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty of explanation on the operator of the moving vehicle (*see, Danza v Longieliere,* 256 AD2d 434; *Hurley v Cavitolo,* 239 AD2d 559; *Niemiec v Jones,* 237 AD2d 267; *Gambino v City of New York,* 205 AD2d 583). However, a "driver of a motor vehicle has a duty to keep proper control of that vehicle, and to not stop suddenly or slow down without proper signaling so as to avoid a collision" (*Niemiec v Jones, supra,* at 268). Under the circumstances of this case, there exist issues of fact concerning whether the defendant contributed to the accident by making a sudden stop and failing to give proper signals in compliance with Vehicle and Traffic Law § 1163 (*see, Galitsis-Orengo v MCL Imports,* 251 AD2d 285; *Crowley v Acampora,* 144 AD2d 330). Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.