*v Johnson,* 225 AD2d 593). Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.

■ FRANCESCA ROSA et al., Respondents, v COLONIAL TRANSIT, INC., et al., Respondents, and RAY'S SCHOOL TRANS. CO., INC., et al., Appellants. [715 NYS2d 426] —In an action to recover damages for personal injuries, etc., the defendants Ray's School Trans. Co., Inc., Richard K. Wilkerson, and Sunny Side School Transportation Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated August 6, 1999, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the appellants' contention, the Supreme Court properly denied their motion for summary judgment. Although a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle (*see, Martin v Pullafico,* 272 AD2d 305; *Mundo v City of Yonkers,* 249 AD2d 522; *Migdol v Striker,* 215 AD2d 358), a triable issue of fact exists as to whether the driver of the stopped bus, the appellant Richard K. Wilkerson, contributed to the accident by making a sudden stop (*see, Gildersleeve v Leo,* 274 AD2d 547; *Maschka v Newman,* 262 AD2d 615; *Mundo v City of Yonkers, supra*; *Migdol v Striker, supra*). Furthermore, an award of summary judgment would be inappropriate in this case since Wilkerson has not appeared for court-ordered examinations before trial, thereby depriving the plaintiffs and codefendants of an opportunity to obtain evidence pertinent to the cause of the accident (*see,* CPLR 3212 [f]; *Hoxha v City of New York,* 265 AD2d 379; *Lantigua v Mallick,* 263 AD2d 467; *Campbell v City of New York,* 220 AD2d 476; *Soto v City of Long Beach,* 197 AD2d 615). Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.