■ MAUREEN D. CARDIN et al., Appellants, v TIMOTHY G. CHRISTIE et al., Respondents. [723 NYS2d 912] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Maureen D. Cardin (plaintiff) when the vehicle she was driving was struck from behind by a vehicle driven by Ellen E. Christie (defendant). Following a jury verdict in defendants' favor, plaintiffs moved for judgment as a matter of law and to set aside the verdict as contrary to the weight of the evidence (*see,* CPLR 4404 [a]). "[I]n any case in which it can be said that the evidence is such that it would not be utterly irrational for a jury to reach the result it has determined upon, and thus a valid question of fact does exist, the court may not conclude that the verdict is as a matter of law not supported by the evidence" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). Based upon the evidence, it was not utterly irrational for the jury to find that defendant was not negligent. Thus, Supreme Court properly denied that part of the motion seeking judgment as a matter of law. The court also properly denied that part of the motion seeking to set aside the verdict as contrary to the weight of the evidence. "A motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, 964). A fair interpretation of the evidence

supports the jury's finding that defendant was not negligent (*see, Maisonet v Kelly,* 228 AD2d 780, 781-782; *Kienzle v McLoughlin,* 202 AD2d 299). In view of the evidence that plaintiff stopped suddenly without giving an appropriate signal, the court properly instructed the jury with respect to Vehicle and Traffic Law § 1163 (c) (*see,* PJI 2:83; *see also, Niemiec v Jones,* 237 AD2d 267). The court did not abuse its discretion in permitting defendants' expert on injury causation analysis to offer his opinion that the impact of the collision was insufficient to cause the alleged injury to plaintiff (*see generally, Matott v Ward,* 48 NY2d 455, 459; *Aylesworth v Evans,* 225 AD2d 850, 851-852; *cf., Clemente v Blumenberg,* 183 Misc 2d 923). Nor did the court abuse its discretion in refusing to grant a mistrial after defendant collapsed in the presence of the jury following her testimony (*see, Ismail v City of New York,* 18 Misc 2d 818, 819-821). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Negligence.) Present—Green, J. P., Hayes, Scudder, Burns and Lawton, JJ.