■ LAUREN CASSIDY, Appellant, v EDWARD P. MULRONEY, Defendant, and ROBERT CASSIDY, Respondent. [730 NYS2d 546] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated August 17, 2000, as granted the motion of the defendant Robert Cassidy for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing all cross claims insofar as asserted against the respondent is dismissed, as the appellant is not aggrieved by that portion of the order (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the respondent is denied, and the complaint is reinstated insofar as asserted against the respondent; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff, Lauren Cassidy, allegedly was injured when the vehicle in which she was a passenger and driven by her father, the defendant Robert Cassidy (hereinafter the respondent), collided with the vehicle driven by the defendant Edward P. Mulroney as Mulroney's vehicle was making a left turn. The respondent moved, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against him on the ground that there were no questions of fact regarding his negligence.

In opposition to the respondent's prima facie showing of entitlement to judgment as a matter of law, the plaintiff came forward with evidence demonstrating that triable issues of fact exist as to where the collision occurred, whether the respondent was speeding, and whether he observed or should have observed a left-turn signal. Moreover, the Supreme Court's *sua sponte* application of the emergency doctrine as to the respondent was erroneous, since there is ample support in the record that Mulroney was in the process of completing a left turn when the collision occurred and that he did not cross over into the respondent's lane of travel. Therefore, that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against him should have been denied (see, Zuckerman v City of New York, 49 NY2d 557; Mundo v City of Yonkers, 249 AD2d 522).

In light of our determination, we need not reach the parties' remaining contentions. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.