■ MIGDALIA MARTINEZ, Respondent, v MENDON LEASING CORP. et al., Respondents, and STEVEN R. TAYLOR et al., Appellants. (And Another Title.) [744 NYS2d 44] —In an action to recover damages for personal injuries, the defendants Steven R. Taylor and Diane C. Corbo appeal (1) from an order of the Supreme Court, Richmond County (Maltese, J.), dated March 26, 2001, which, inter alia, denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of the liability of the defendant Diane C. Corbo, and (2), as limited by their brief, from so much of an order of the same court, dated August 3, 2001, as upon, in effect, granting their motion for leave to renew, adhered to the prior determination.

Ordered that the appeal by Steven R. Taylor from so much of the order as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of the liability of the defendant Diane C. Corbo is dismissed, as he is not aggrieved by that portion of the order; and it is further,

Ordered that the appeal from the order dated March 26, 2001, is otherwise dismissed, as that order was superseded by the order dated August 3, 2001, made upon renewal; and it is further,

Ordered that the order dated August 3, 2001, is modified by deleting the provision thereof adhering to so much of the original determination as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability of the defendant Diane C. Corbo and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order dated August 3, 2001, is affirmed insofar as appealed from, without costs or disbursements, and the order dated March 26, 2001, is modified accordingly.

The plaintiff, while a passenger in a vehicle operated by the defendant Diane C. Corbo and owned by the defendant Steven R. Taylor, was allegedly injured when that car was struck in the rear by a vehicle operated by the defendant Kamall A. McClean and owned by the defendant Mendon Leasing Corp. As a general rule, "[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision" (*Filippazzo v Santiago,* 277 AD2d 419).

The Supreme Court properly denied the motion by Corbo and Taylor for summary judgment dismissing the plaintiff's complaint and all cross claims insofar as asserted against them since they failed to make a prima facie showing of their entitlement to judgment as a matter of law. In support of their motion, Corbo and Taylor presented conflicting evidence as to the circumstances surrounding the accident and whether they contributed to the accident (*see Rivera v Hickey,* 283 AD2d 415; *Mundo v City of Yonkers,* 249 AD2d 522; *Kutanovski v DeCicco,* 122 AD2d 250).

However, since there are triable issues of fact as to Corbo's liability for the plaintiff's alleged injuries, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of Corbo's liability (*see Mundo v City of Yonkers, supra*). Smith, J.P., Friedmann, Schmidt and Townes, JJ., concur.