■■■ ZONA R. POSPESEL, Appellant, v WAL-MART STORES, INC., et al., Respondents. [743 NYS2d 220] —Appeal from a judgment of Supreme Court, Oswego County (Nicholson, J.), entered April 19, 2001, which awarded judgment to defendants upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for personal injuries that she sustained when she was struck on the head by an icicle that fell from the store name sign over the entryway to defendants' Wal-Mart store in Oswego. Following a jury verdict in defendants' favor, plaintiff moved for judgment as a matter of law and to set aside the verdict as contrary to the weight of the evidence (*see* CPLR 4404 [a]). We conclude that it was not utterly irrational for the jury to find that defendants were not negligent, and thus Supreme Court properly denied that part of the motion seeking judgment as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499). The court also properly denied that part of the motion seeking to set aside the verdict as contrary to the weight of the evidence. "A motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair in-

terpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, 964). The jury's finding that defendants were not negligent is supported by a fair interpretation of the evidence (*see Cardin v Christie,* 283 AD2d 978, 978-979). Finally, there is nothing in the record to support plaintiff's further contention that the jury's verdict was the result of prejudice. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Burns, JJ.