■ Diane S. Tornello, Respondent, v Gemini Enterprises, Inc., Doing Business as Oyster Bay Nissan, et al., Respondents, and Loretta Celardo, Appellant. [749 NYS2d 745] —In an action to recover damages for personal injuries, the defendant Loretta Celardo appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Davis, J.), entered June 22, 2001, as, upon a jury verdict on the issue of liability finding the defendants jointly and severally liable for the happening of the accident, and finding that the plaintiff sustained damages in the sum of $300,000 for past pain and suffering and $200,000 for future pain and suffering, is in favor of the plaintiff and against her.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A jury verdict is not to be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Darmetta v Ginsburg,* 256 AD2d 498; *Nicastro v Park,* 113 AD2d 129). Determinations regarding the credibility of witnesses are for the factfinders, who had an opportunity to see and hear the witnesses, and great deference is accorded to their findings (*see Darmetta v Ginsburg, supra*). In this case, the determination of the jury not to credit the testimony of the interested witnesses and its determination that title to the subject vehicle was not transferred before the accident which resulted in the plaintiff's injuries was based on a fair interpretation of the credible evidence.

The award of damages did not materially deviate from what would be reasonable compensation (*see* CPLR 5501 [c]; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510). Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.