■ MARIA CHEPEL et al., Appellants, v GAIL MEYERS, Respondent. [762 NYS2d 95] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), entered April 9, 2002, which, upon a jury verdict on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for judgment as a matter of law, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This case involves an automobile accident that occurred on April 13, 1999, when the defendant's vehicle came into contact with the rear left side of a van operated by Grigoriy Ivasyuk. The plaintiffs, who were passengers in Ivasyuk's vehicle, subsequently commenced this action to recover damages for personal injuries against the defendant, but did not sue

Ivasyuk. The matter proceeded to a jury trial. Ivasyuk did not testify at the trial. Ivasyuk, however, was represented by counsel on a counterclaim asserted by the defendant against him.

At the trial, two of the plaintiffs testified that, immediately before the impact, Ivasyuk was "slowing down." The defendant testified that she was proceeding eastbound on the service road of the Long Island Expressway. Traffic slowed down because a truck had double-parked in the right lane. The defendant, who was initially driving in the right lane, moved her vehicle to the middle lane in order to pass the truck. After passing the truck, the defendant and other cars around her began to accelerate. The defendant was driving at a speed of approximately 15 miles per hour, when Ivasyuk "without any warning, just jammed on [his] brakes." Ivasyuk's van was "stopping," and this was "a sudden unexplained stop." The defendant applied her brakes and attempted to move into the left lane to avoid the accident. However, she could not do so because there was another car in that lane. While the defendant observed Ivasyuk's brake lights, there was no testimony that Ivasyuk activated warning lights as he brought his vehicle to a stop or that Ivasyuk attempted to pull over from the lane in which he was traveling. Significantly, the defendant testified that, at the time of the impact, all of the other cars in front of and to the side of her vehicle were accelerating. The defendant did not see any brake lights on any of the other vehicles.

During summations, counsel for the defendant argued that the defendant did not cause this accident. The plaintiffs' counsel and Ivasyuk's counsel on the counterclaim both argued to the jury that the defendant was negligent and that her negligence was a proximate cause of the accident. The Supreme Court instructed the jury, inter alia, as to the alleged comparative negligence of Ivasyuk. The jury found that the defendant was not negligent. Thereafter, the Supreme Court denied the plaintiffs' motion to set aside the verdict as against the weight of the evidence and for judgment as a matter of law, and judgment was entered in favor of the defendant. We now affirm.

It is well established that when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see Power v Hupart, 260 AD2d 458 [1999]; Vehicle and Traffic Law § 1129 [a]). However, a driver also has the duty "not to stop suddenly or slow down without proper signaling so as to avoid a collision" (Purcell v

*Axelsen,* 286 AD2d 379, 380 [2001] [internal quotation marks omitted]; *Colonna v Suarez,* 278 AD2d 355 [2000]; *see Niemiec v Jones,* 237 AD2d 267, 268 [1997]; Vehicle and Traffic Law § 1163). A rear-end collision with a stopped "or stopping" vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Purcell v Axelsen, supra* at 380; *Colonna v Suarez, supra; Argiro v Norfolk Contr. Carrier,* 275 AD2d 384, 385 [2000]; *Santarpia v First Fid. Leasing Group,* 275 AD2d 315 [2000]; *Maschka v Newman,* 262 AD2d 615 [1999]). One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle (*see Power v Hupart, supra; Filippazzo v Santiago,* 277 AD2d 419 [2000]; 8B NY Jur 2d, Automobiles and Other Vehicles § 952).

Under the facts of this case and viewing the evidence in the light most favorable to the defendant, a reasonable jury could have found that Ivasyuk came to a sudden stop for no apparent reason, and could also have found that the defendant, therefore, was not negligent in striking Ivasyuk's vehicle (*see Kienzle v McLoughlin,* 202 AD2d 299 [1994]). Thus, it cannot be said that there was no rational process by which the jury could have found that the defendant was not negligent (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]). Further, the verdict was not against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

Our review of the record does not support the dissent's claim that the defendant's testimony was conclusory and insufficient to provide a nonnegligent explanation for the collision. Quite the opposite, as, in our view, the defendant came forward with a valid, nonnegligent explanation for the collision, namely, that Ivasyuk abruptly stopped his vehicle in the middle of a roadway despite the fact that traffic was moving. The defendant attempted to avoid the collision by applying her brakes and veering her vehicle to the left.

In this case, the issue of negligence was properly a question of fact for the jury to determine (*see e.g. Colonna v Suarez, supra; Rosa v Colonial Tr.,* 276 AD2d 781 [2000]; *Martin v Pullafico,* 272 AD2d 305 [2000]; *Niemiec v Jones, supra; Mohamed v Town of Niskayuna,* 267 AD2d 909, 910 [1999]; *Tripp v GELCO Corp.,* 260 AD2d 925 [1999]; *DeCosmo v Hulse,* 204 AD2d 953 [1994]; *Kienzle v McLoughlin, supra; Marx v Pross,* 197 AD2d 800, 801 [1993]). In light of the well-established principle that great deference is to be given to a jury's determination in negligence cases in which the verdict is in favor of

the defendant (*see Nicastro v Park, supra* at 134), this Court will not disregard the jury's unique and unparalleled vantage point in weighing credibility. Determinations regarding the credibility of witnesses are for the finder of fact, which had the opportunity to see and hear the witnesses (*see Tornello v Gemini Enters.,* 299 AD2d 477 [2002]; *Aprea v Franco,* 292 AD2d 478 [2002]; *Darmetta v Ginsburg,* 256 AD2d 498 [1998]; *Corcoran v People's Ambulette Serv.,* 237 AD2d 402, 403 [1997]; *Hernandez v Carter & Parr Mobile,* 224 AD2d 586, 587 [1996]). Here, the jury clearly credited the defendant's version of the facts and we will not usurp the jury's function or overturn its determination.

Although the dissent asserts that the defendant did not explain to the police officer who responded to the scene why she was unable to stop in time, we note that the police officer's testimony is in conflict with the defendant's trial testimony that she did explain to the officer that Ivasyuk "jammed on his brakes" and "stopped short for no apparent reason." The police officer was not a witness to the accident. At the time of his trial testimony, the police officer did not have an independent recollection of being at the scene. His trial testimony was based upon the contents of the police accident report.

Under these circumstances, the Supreme Court properly denied the plaintiffs' motion to set aside the verdict. Krausman, J.P., Townes and Rivera, JJ., concur.

Goldstein, J., dissents, and votes to reverse the judgment appealed from, grant the plaintiffs' motion for judgment as a matter of law, and remit the matter to the Supreme Court, Kings County, for further proceedings consistent herewith, with the following memorandum: The instant accident involves a rear-end collision. The defendant driver acknowledged at the trial that the van occupied by the plaintiff passengers was stopped in front of her at the time the collision occurred. This was consistent with her admission to a police officer responding to the accident scene that "she could not stop before hitting the back" of the van. According to the police officer, the defendant driver did not explain why she was unable to stop in time. If she had provided an explanation, the officer would have included it in the police report. The police report admitted in evidence at the trial noted that the defendant driver stated that "she did not stop in time hitting" the vehicle occupied by the plaintiff passengers.

At the trial, the defendant driver testified that prior to impact, she switched lanes in merging traffic from the right to the middle lane behind the van occupied by the plaintiffs. She

saw the brake lights of the van go on and "hit" her brakes, but was not able to stop before impact. The defendant claimed that "we had already passed [a] double parked truck and * * * everybody was accelerating." Therefore she did not expect the van to come to a stop.

The defendant claimed that at the time of impact, she was traveling at the rate of 15 miles per hour and "accelerating." The front portion of the defendant's vehicle sustained damage sufficient to justify towing her vehicle from the scene.

The driver of the van was not sued by the plaintiffs, and did not testify at the trial.

It is well settled that a rear-end collision with a stopped vehicle creates a prima face case of negligence, imposing a duty on the driver of the moving vehicle to rebut the inference of negligence by providing some nonnegligent explanation for the collision (see Geschwind v Hoffman, 285 AD2d 448 [2001]; Jeremic v Tong, 283 AD2d 461 [2001]). This Court has repeatedly held that the explanation that the stopped vehicle came to sudden stop, standing alone, is insufficient to rebut the inference of negligence (see Geschwind v Hoffman, supra; Jeremic v Tong, supra; Colon v Cruz, 277 AD2d 195 [2000]).

A sudden stop, coupled with other evidence, such as failure to comply with the Vehicle and Traffic Law with respect to proper signaling (see Purcell v Axelsen, 286 AD2d 379 [2001]; Colonna v Suarez, 278 AD2d 355 [2000]; Martin v Pullafico, 272 AD2d 305 [2000]; Maschka v Newman, 262 AD2d 615 [1999]; Glick v Hittner & Sons, 111 AD2d 150 [1985]), or stopping in high-speed traffic (see Mundo v City of Yonkers, 249 AD2d 522 [1998]; cf. Corbly v Butler, 226 AD2d 418 [1996]), or in response to an emergency created by a nonparty to the action (see Kienzle v McLoughlin, 202 AD2d 299 [1994]; Varsi v Stoll, 161 AD2d 590 [1990]) can constitute a nonnegligent explanation for a rear-end collision. However, in the instant case, there is no such evidence. The defendant's conclusory testimony was insufficient to provide a nonnegligent explanation for her rear-end collision with the van (see Levine v Taylor, 268 AD2d 566 [2000]; Corbly v Butler, supra).

Since the plaintiffs were passengers and did not sue the driver of the van, the comparative negligence of the driver of the van is not an issue on this appeal (see Johnson v Phillips, 261 AD2d 269 [1999]).

In view of the foregoing, the plaintiffs established their entitlement to judgment as a matter of law on the issue of the defendant's liability to them.