■ DONNA J. FLOOD et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [775 NYS2d 557]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority and Colin Thorne appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 21, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Generally, a rear-end collision with a stopped or stopping automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (*see Shamah v Richmond County Ambulance Serv.,* 279 AD2d 564 [2001]; *Power v Hupart,* 260 AD2d 458 [1999]; *Leal v Wolff,* 224 AD2d 392 [1996]; *Barile v Lazzarini,* 222 AD2d 635 [1995]). However, here, the Supreme Court properly denied the motion of the defendants New York City Transit Authority and Colin Thorne for summary judgment insofar as asserted against them since triable issues of fact exist as to whether Thorne, the driver of the vehicle which was struck in the rear, contributed to the accident (*see Chepel v Meyers,* 306 AD2d 235 [2003]; *Rosa v Colonial Tr.,* 276 AD2d 781 [2000]; *Gildersleeve v Leo,* 274 AD2d 547 [2000]; *Martin v Pullafico,* 272 AD2d 305 [2000]; *Maschka v Newman,* 262 AD2d 615 [1999]; *Niemiec v Jones,* 237 AD2d 267 [1997]; *Migdol v Striker,* 215 AD2d 358 [1995]; *DeCosmo v Hulse,* 204 AD2d 953 [1994]). Krausman, J.P., Adams, Cozier and Rivera, JJ., concur.