■ KIMBERLY M. THOMAN, Respondent, v JAMIE A. RIVERA, Appellant, MANUEL VELASQUEZ et al., Respondents, et al., Defendants. (Action No. 1.) YORLADY PARRA, Respondent, v JA-

MIE A. RIVERA, Appellant, KATHLEEN MISCHKE et al., Respondents, et al., Defendants. (Action No. 2.) [792 NYS2d 558]—

In related actions to recover damages for personal injuries, Jamie A. Rivera, a defendant in both actions, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 5, 2003, as (1) granted those branches of the motions of Kathleen Mischke and Manuel Velasquez, defendants in both actions, which were for summary judgment dismissing his cross claims insofar as asserted against them, (2), upon searching the record, awarded summary judgment to the plaintiffs in both actions against him on the issue of liability, and (3) denied his motion for summary judgment dismissing the complaint in action No. 1 insofar as asserted against him on the ground that the plaintiff, Kimberly M. Thoman, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting those branches of the motions of the defendants Kathleen Mischke and Manuel Velasquez which were for summary judgment dismissing the appellant's cross claims insofar as asserted against them and substituting therefor a provision denying those branches of the motion, and (2) deleting the provisions thereof searching the record and awarding summary judgment to the plaintiffs in both actions against the appellant on the issue of liability; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs.

The Supreme Court erred in granting those branches of the motions of the defendants Kathleen Mischke and Manuel Velasquez which were for summary judgment dismissing the cross claims of the defendant Jamie A. Rivera (hereinafter the appellant) insofar as asserted against them. Although a rear-end collision with a stopped vehicle establishes a prima facie case of negligence with respect to the operator of the moving vehicle (*see Rosa v Colonial Tr.,* 276 AD2d 781 [2000]; *Martin v Pullafico,* 272 AD2d 305 [2000]; *Barile v Lazzarini,* 222 AD2d

635, 636 [1995]), the appellant raised triable issues of fact with respect to whether Mischke and Velasquez contributed to the accident by traveling at excessive rates of speed behind the cars in front of them and by making sudden stops (*see Rosa v Colonial Tr., supra; Martin v Pullafico, supra; Sanford v Stillitano,* 241 AD2d 489 [1997]). Moreover, the appellant's proof permits an inference that some of the impacts in this multi-car accident occurred before he was involved in the accident (*see DeFalco v Parker,* 271 AD2d 635, 636 [2000]; *Hudson v Cole,* 264 AD2d 439 [1999]). Similarly, the Supreme Court erred in searching the record and awarding summary judgment in both actions to the plaintiffs against the appellant, as there are triable issues of fact as to the causation of the accident.

The Supreme Court correctly denied the appellant's motion for summary judgment dismissing the complaint in action No. 1 insofar as asserted against him, as questions of fact appear on the record as to whether the plaintiff Kimberly M. Thoman sustained a serious injury within the meaning of Insurance Law § 5102 (d). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.