Jeffery v Queen City Foods, LLC (2021 NY Slip Op 04842)





Jeffery v Queen City Foods, LLC


2021 NY Slip Op 04842


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


532 CA 20-00974

[*1]ROBERT JEFFERY, PLAINTIFF-RESPONDENT,
v
QUEEN CITY FOODS, LLC, AND MARIA FARINACCI, DEFENDANTS-APPELLANTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., BUFFALO (ALAN J. BEDENKO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DOLCE FIRM, BUFFALO (JOHN B. LICATA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 31, 2020. The order granted the motion of plaintiff for summary judgment on the issues of negligence, proximate cause and serious injury and denied the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the vehicle he was operating was rear-ended by a vehicle operated by defendant Maria Farinacci, an employee of defendant Queen City Foods, LLC. Plaintiff alleged, inter alia, that he sustained a serious injury to his shoulder under the permanent consequential limitation of use and significant limitation of use categories set forth in Insurance Law § 5102 (d). Plaintiff thereafter moved for partial summary judgment on the issues of negligence, proximate cause, and serious injury, and defendants cross-moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury. Defendants appeal from an order that granted plaintiff's motion and denied defendants' cross motion. We affirm.
Initially, we note that, inasmuch as defendants do not challenge that part of the order granting plaintiff's motion with respect to the issue of negligence, they have abandoned any contention with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We further note that, even though Supreme Court granted plaintiff's motion with respect to the issue of serious injury, it failed to specify under which category of serious injury plaintiff is entitled to recover. This case involved a competing summary judgment motion and cross motion, and the court chose not to write. This is an unacceptable practice (see generally Kopp v Rhino Room, Inc., 192 AD3d 1690, 1692 [4th Dept 2021]; Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020]; Doucette v Cuviello, 159 AD3d 1528, 1528 [4th Dept 2018]). To maximize effective appellate review, we must remind our colleagues in the trial courts to provide their reasoning instead of simply issuing orders.
With respect to the merits, we nevertheless conclude that, contrary to defendants' contention, the court properly denied the cross motion and granted the motion with respect to the issues of serious injury and proximate cause. Defendants do not contest that plaintiff established as a matter of law that he sustained a serious injury to his shoulder under the categories of permanent consequential limitation of use and significant limitation of use. Instead, defendants contend only that the alleged shoulder injury was not caused by the accident. To support that argument, defendants rely exclusively on the expert opinion of a biomechanical expert. It is well [*2]settled, however, that biomechanical experts are not qualified to render opinions regarding injury causation (see Gates v Longden, 120 AD3d 980, 981 [4th Dept 2014]). Defendants' reliance on Cardin v Christie (283 AD2d 978 [4th Dept 2001]) is misplaced because the biomechanical expert in that case was also a medical doctor. Putting aside the opinion of plaintiff's biomechanical expert, as we must, there is no conflict between the remaining physicians that the accident caused the shoulder injury. "Inasmuch as plaintiff established a serious injury as a matter of law, []he 'is entitled to recover damages for all injuries causally related to the accident, even those that do not meet the serious injury threshold' " (Maurer v Colton [appeal No. 3], 180 AD3d 1371, 1374 [4th Dept 2020]).
In light of the foregoing, defendants' remaining contentions are academic (see Swed v Pena, 65 AD3d 1033, 1034 [2d Dept 2009]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court