Matter of Webster Citizens for Appropriate Land Use, Inc. v Town of Webster (2021 NY Slip Op 07370)





Matter of Webster Citizens for Appropriate Land Use, Inc. v Town of Webster


2021 NY Slip Op 07370


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


853 CA 20-00771

[*1]IN THE MATTER OF WEBSTER CITIZENS FOR APPROPRIATE LAND USE, INC., PETITIONER-PLAINTIFF-RESPONDENT,
v
TOWN OF WEBSTER, TOWN OF WEBSTER PLANNING BOARD, TOWN OF WEBSTER ZONING BOARD OF APPEALS, RESPONDENTS-DEFENDANTS-APPELLANTS, ET AL., RESPONDENTS-DEFENDANTS. 






CHARLES J. GENESE, TOWN ATTORNEY, WEBSTER, FOR RESPONDENTS-DEFENDANTS-APPELLANTS. 
KNAUF SHAW LLP, ROCHESTER (JONATHAN R. TANTILLO OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Gail Donofrio, J.), entered May 19, 2020 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, among other things, granted in part the relief sought in the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the petition-complaint insofar as it sought to annul the "refusal" of respondent-defendant Town of Webster Zoning Board of Appeals to hear the appeal of petitioner-plaintiff, and vacating the second decretal paragraph, and as modified the judgment is affirmed without costs.
Memorandum: This appeal involves the proposed development of a hydroponic farming operation (project) on a 140.8-acre parcel of land in respondent-defendant Town of Webster (Town). The project would be located within the Town's LL Large-Lot Single-Family Residential District (LL District). While respondent-defendant Town of Webster Planning Board (Planning Board) was conducting the site plan review process for the project, petitioner-plaintiff (petitioner) attempted to challenge a determination, which was embodied in the agenda for a November 19, 2019 Planning Board meeting, that the project constituted a permitted use in the LL District pursuant to section 225-12 (A) (6) of the Code of the Town of Webster. Specifically, petitioner sought to appeal the determination to respondent-defendant Town of Webster Zoning Board of Appeals (ZBA). On behalf of the ZBA, however, the Deputy Town Attorney rejected petitioner's appeal. Thereafter, at its December 3, 2019 meeting, the Planning Board granted preliminary and final site plan approval for the project.
Petitioner then commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the "refusal" of the ZBA to hear petitioner's appeal, and to annul the determinations of the Planning Board granting preliminary and final site plan approval. Supreme Court, inter alia, granted the petition-complaint (petition) insofar as it sought to annul the determinations of the Planning Board granting preliminary and final site plan approval, in effect, further granted the petition insofar as it sought to annul the "refusal" of the ZBA to hear petitioner's appeal, and remitted the matter to the ZBA to consider petitioner's appeal. The Town, the Planning Board, and the ZBA (respondents) now appeal.
We agree with respondents that the court erred by, in effect, granting the petition insofar as it sought to annul the "refusal" of the ZBA to hear petitioner's appeal, and by remitting the matter to the ZBA to consider petitioner's appeal. Pursuant to the Code of the Town of Webster, [*2]absent an "order, requirement, decision or determination by any administrative official of the Town" charged with the enforcement of the Town's local zoning ordinance, the ZBA is without jurisdiction to hear an appeal (Code of the Town of Webster
§ 225-108 [D] [1]; see Town Law § 267-a [4]; Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 169 AD3d 995, 997-998 [2d Dept 2019]; see also Matter of Willows Condominium Assn. v Town of Greensburgh, 153 AD3d 535, 537 [2d Dept 2017]). In the process of site plan review, the Town's Department of Public Works (DPW) is required to review applications for development "and make recommendations to the [Planning] Board concerning the project" (Code of the Town of Webster § 228-7 [B]). As relevant here, such recommendation "shall include an identification of any variances required for the project" (id.). We therefore conclude that the determination that the project was a permitted use in the LL District was not appealable to the ZBA unless it was made by the DPW.
In October 2019, the DPW issued a written memorandum in which it required numerous revisions to the project. The memorandum, however, is silent with respect to whether any variances are needed for the project. Indeed, there is no evidence in the record that the statement in the Planning Board's November 19, 2019 meeting agenda, i.e., that the project constituted a permitted use, was made as a result of any determination by the DPW. Thus, we conclude on this record that there was no determination from the DPW affording jurisdiction to the ZBA to hear petitioner's appeal (see Chestnut Ridge Assoc., LLC, 169 AD3d at 997-998), and we therefore modify the judgment accordingly.
We note, however, that respondents do not challenge the judgment insofar as it annulled the determinations of the Planning Board granting preliminary and final site plan approval, and thus they have abandoned any contention with respect thereto (see Jeffery v Queen City Foods, LLC, 197 AD3d 946, 947 [4th Dept 2021]; Ciesinski v Town
of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court